IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUAN CARLOS NINA CAYLLAHUA,    )
               )
  Petitioner,        )
               )
  v.           )  1:25-cv-2096 (LMB/WBP)
               )
TODD M. LYONS, et al.,     )
               )
  Respondents.      )

ORDER

Petitioner Juan Carlos Nina Cayllahua ("Cayllahua"), a native and citizen of Peru, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since October 4, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I), its implementing bond regulations (Count II), and his due process rights (Count III).

Cayllahua is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Cayllahua has also sued Todd M. Lyons, the Acting Director of ICE; Joseph Simon, the Director of the Washington Field Office of ICE's Enforcement and Removal Operations Division; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; the Department of Homeland Security; and the Executive Office for Immigration Review (collectively, "the federal respondents"). For the reasons discussed in this Order, the

Court finds that Cayllahua is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Cayllahua has resided in the United States for two years, and he currently lives in Silver Spring, Maryland. [Dkt. No. 1] at ¶ 46. He has a wife and two children, and "[t]he family is jointly pursuing immigration relief in the form of asylum, withholding of removal, and relief under the Convention Against Tortrure." Id. ¶ 49. He has been detained at the Farmville Detention Center since October 4, 2025. Id. ¶ 47. Cayllahua "does not have a criminal record." Id. ¶ 50.

Cayllahua filed his Petition for Writ of Habeas Corpus on November 19, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this

---

[1] Because the Court is granting relief on due process grounds, it need not address Cayllahua's claim for relief under the Immigration and Nationality Act and its implementing regulations. Additionally, Cayllahua has no cognizable claim for attorney's fees under the Equal Access to Justice Act ("EAJA") because a habeas proceeding is not a "civil action" under the EAJA. Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6 (E.D. Va. Sept. 29, 2025).

Court "incorporate the filings in <u>Ceba Cinta</u> into the record of this habeas action." [Dkt. No. 4] at 1–2. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Cayllahua's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their <u>Ceba Cinta</u> opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." <u>Ceba Cinta v. Noem, et al.</u>, 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. <u>Id.</u> Therefore, they argue that because Cayllahua has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). <u>Id.</u>

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[2] is contrary to

---

[2] <u>See, e.g.</u>, <u>Gomes v. Hyde</u>, 2025 WL 1869299 (D. Mass. July 7, 2025); <u>Martinez v. Hyde</u>, 2025 WL 2084238 (D. Mass. July 24, 2025); <u>Lopez Benitez v. Francis</u>, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); <u>Maldonado v. Olson</u>, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); <u>Arrazola-Gonzalez v. Noem</u>, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); <u>J.O.E. v. Bondi</u>, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); <u>Jacinto v. Trump</u>, 2025 WL 2402271 (D. Neb. Aug. 19,

3

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction.  See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025).  This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), which the Government has not appealed, and maintains and incorporates that reasoning into this Order.  That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond.  Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v.

---

2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

Noem, et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); Zelaya Arias v. Lyons, et al., 1:25-cv-1892-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 19, 2025) (released on a $8,000 bond); Maya Torres v. Crawford, et al., 1:25-cv-1891-LMB-LRV, Dkt. No. 12 (E.D. Va. Nov. 17, 2025) (released on his own recognizance); Cabrera Gomez v. Noem, et al., 1:25-cv-1997-LMB-WEF, Dkt. No. 6 (E.D. Va. Nov. 26, 2025) (released on a $3,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818-LMB-WEF, Dkt. No. 13 (E.D. Va. Nov. 23, 2025) (released on a $1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 23, 2025) (released on a $8,000 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929-LMB-IDD, Dkt. No. 12 (E.D. Va. Nov. 22, 2025) (bond denied).

Cayllahua has been present in the United States since 2023. [Dkt. No. 1] at ¶ 46. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Cayllahua's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Cayllahua's continued detention is unlawful.

5

III.

For all the reasons stated above, Cayllahua's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Cayllahua be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Cayllahua must live at a fixed address which he must provide to the federal respondents.

ORDERED that respondents provide Cayllahua with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Cayllahua on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Cayllahua is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Cayllahua has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Cayllahua's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 1st day of December, 2025.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

6